# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| COMPASS BANK, § | |
|    Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:19-CV-3 |
| § | |
| JAMES SAUNDERS ESTABROOK and § | |
| MILES FRANCIS ESTABROOK, § | |
|    Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Plaintiff Compass Bank ("**Plaintiff**" or "**Compass Bank**") files this Original Complaint against Defendants James Saunders Estabrook and Miles Francis Estabrook ("**Defendants**"), and in support, respectfully shows:

### I. PARTIES

1. Plaintiff Compass Bank is a state-charted bank that is incorporated in the State of Alabama with headquarters in Birmingham, Alabama. Compass Bank conducts business in Texas and maintains branches in Laredo, Texas.

2. Defendants James Saunders Estabrook and Miles Francis Estabrook are individuals residing in the Town of Grimshaw, Alberta, Canada, and may be served with process by serving him at their residence in Grimshaw, Alberta, Canada.

### II. JURISDICTION & VENUE

3. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332 because Defendants are a citizen of either a foreign state, or a different state than Plaintiff, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

4.     This Court has personal jurisdiction over Defendants because they purposefully availed themselves of the privileges and benefits of the laws of Texas by conducting business in Texas and by entering into a contract with Compass Bank in Laredo, Texas, which is performable in Laredo, Texas, and gives rise to the instant cause of action. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291-292 (1980); *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 n.8 (1984); *Electrosource, Inc. v. Horizon Battery Techs.*, 176 F.3d 867, 872 (5th Cir. 1999).

5.     Venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred within this district. 28 U.S.C. § 1391(b)(2).

6.     In addition, there is a valid and enforceable forum-selection clause in the contract at issue, wherein the parties contractually agreed to submit to the jurisdiction of this district and division. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95 (1991); *Kevlin Servs., Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995).

### III.   FACTUAL BACKGROUND

**A.     Promissory Note**

7.     Compass Bank made a loan to Defendants in the amount of $700,000.00 secured by real property in Cabo San Lucas, Baja California Sur, Mexico (the "**Property**").

8.     Specifically, Defendants, as borrowers, executed a Promissory Note dated March 26, 2009, in the original principal amount of $700,000.00 in favor of Compass Bank as Payee (the "**Note**"), a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

9.     Compass Bank is the legal owner and holder of the Note.

10. Defendants also executed a Loan Agreement in connection with the Note, which was executed on March 20, 2009 (the "**Loan Agreement**"), a true and correct copy of which is attached hereto as **Exhibit B**[1] and incorporated herein by reference.[2]

11. Under paragraph 5.01 of the Loan Agreement, any default by Defendants in the performance of any term, covenant, or agreement contained in the Loan Agreement or in any contract securing payment of any indebtedness of Defendants to Compass Bank, including the Note, shall be an event of default causing all outstanding principal plus unpaid interest to become immediately due and payable.

**B.   Default**

12. Defendants are in default on the Note because they have failed to pay principal and interest payments due on the Note.

13. On November 16, 2018, Compass Bank made a formal demand on Defendants demanding that they pay the past-due balance owed on the Note, and further notifying Defendants that if they failed to cure the default, Compass Bank intended to accelerate the Note according to

---

[1] The Loan Agreement is written in the Spanish language. Neither the Federal Rules of Civil Procedure nor the Local Rules for the Southern District of Texas appear to require that an operative, foreign-language document attached to the complaint be accompanied by an English translation. An authenticated translation, produced by a third-party translator, will be submitted to the Court upon request.

[2] In connection with the Note and the Loan Agreement, Defendants formed a Mexican Trust to own and hold legal title to the Property and executed an Irrevocable Deed of Trust and Guaranty Agreement with BBVA Bancomer, S.A., Institucion de Banca Multiple, Grupo Financiero BBVA Bancomer, Division Fiduciaria as Trustee, Defendants as beneficiaries, and Compass Bank as a lien holder. By way of background, a trust was used here because the Mexican Constitution prohibits ownership of real property by foreigners within 31 miles of Mexico's coasts and 62 miles of its international borders. *See Compass Bank v. Williams*, Civil Action No. 5:12-CV-186, 2015 WL 12803710, at *1 n.1 (S.D. Tex. Jan. 20, 2015). The Property serves as collateral on the Note. Compass Bank is not seeking to enforce its rights in the collateral in this proceeding. To the extent that Compass Bank seeks to foreclose on the Property as provided for under the Irrevocable Deed of Trust and Guaranty Agreement and Mexican law, the proceeds of said foreclosure will be credited to any judgment obtained in this matter. *See* Tex. Prop Code §§ 51.003; 51.005; *In re Gayle*, 189 B.R. 914, 918 (Bankr. S.D. Tex. 1995); *Grant v. U.S. Dept. of Veteran's Affairs*, 827 F. Supp. 418, 421 (S.D. Tex. 1993).

the terms thereof and/or of the Loan Agreement. A true and correct copy of the Notice of Default and Intent to Accelerate is attached hereto as **Exhibit C**[3] and incorporated herein by reference.

14. To date, Defendants remain in default. Therefore, Compass Bank hereby accelerates the Note, in accordance with the terms of the Note and/or the Loan Agreement, and declares that all principal and interest under the Note is now immediately due and payable. The total amount of principal owed by Defendants on the Note to date is $595,953.06, plus interest and expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

### IV. CLAIMS

### Claim 1: Breach of Contract/Suit on Note

15. Plaintiff incorporates herein by reference paragraphs 1 through 14 above.

16. Defendants entered into a valid and binding contract with Compass Bank when they executed the Note and the Loan Agreement.

17. Compass Bank performed all of its obligations under the Note and the Loan Agreement.

18. Defendants are in default on the Note and the Loan Agreement for non-payment of principal and interest when due.

19. Defendants' default and breach of the Note and Loan Agreement has caused Plaintiff to incur damages for which it now sues.

20. As of the date of this filing, the full amount of principal due on the loan is $595,953.06, plus interest and other expenses, which continue to accrue in accordance with the terms of the Note and Loan Agreement.

---

[3] The Notice of Default and Intent to Accelerate attached hereto as Exhibit C does not include the enclosures to the same.

## V.    CONDITIONS PRECEDENT

21.    All conditions precedent for the bringing of this suit have been performed or have occurred.

## VI.    ATTORNEY'S FEES

22.    Plaintiff incorporates herein by reference paragraphs 1 through 21 above.

23.    Pursuant to the terms of the Note and Loan Agreement, Defendants agreed to pay Compass Bank such additional sum for expenses and attorney's fees as the court may adjudge reasonable in the event Compass Bank should commence suit to enforce payment of the Note and accrued interest, if any.  Defendants' conduct has required Compass Bank to hire the undersigned attorneys to bring this suit.  As a result of Defendants' conduct, Compass Bank is entitled to recover its reasonable attorney's fees for bringing this suit in the trial court and on any appeals of this suit.

24.    In addition, Plaintiff is entitled to recover its attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001 *et seq*.  Defendants' conduct has required Plaintiff to hire the undersigned attorneys to prosecute this suit.  Plaintiff has presented the claims described above to Defendants.  Over 30 days have expired since presentment of Plaintiff's claims to Defendant, yet Defendants have failed to comply with or honor Plaintiff's claims.  As a result of Defendants' conduct and failure to comply with their contractual obligations, Plaintiff is entitled to recover its reasonable attorney's fees for prosecuting this suit in the trial court and on any appeals of this suit.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon hearing and trial, Plaintiff recover Judgment from Defendants as follows:

1.    Principal in the amount of $595,953.06 plus interest and expenses in accordance with the terms of the Note and Loan Agreement;

2. Reasonable attorney's fees through trial, with contingent awards in the event of appeals;

3. Pre-judgment interest at the rate of 17.5% per annum, which is the default rate of interest provided in the Note, and post-judgment interest at the statutory rate or as allowed under the law;

4. All costs of court; and

5. Any and all further relief, both in law and in equity, to which Plaintiff may be deemed justly entitled.

Date: January 4, 2019.

                                        Respectfully submitted,

                                        **DAVIS & SANTOS, P.C.**

By:    */s/ Sarah Santos*
        Sarah Santos
        **Attorney for Plaintiff**
        State Bar No. 24040955
        Southern District No. 602646
        E-mail: ssantos@dslawpc.com
        719 S. Flores Street
        San Antonio, Texas 78204
        Telephone: (210) 853-5882
        Facsimile: (210) 200-8395